IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
TAMIKA WEBB                         :
                                    :
      Plaintiff,                    :       CIVIL ACTION
                                    :
v.                                  :       NO. 1:14-CV-284-WSD-ECS
                                    :
BRANCH BANKING & TRUST, and         :
MCCALLA RAYMER, LLC                 :
                                    :
      Defendants.                   :
```

**ORDER, REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the motion to exceed page limitations filed by Branch Banking & Trust and McCalla Raymer, LLC (collectively, "Defendants"), [Doc. 7]; Defendants' motion to dismiss, [Doc. 8]; and the pro se Plaintiff's motion for leave to amend the complaint, [Doc. 11].

This action arises in connection with the foreclosure of Plaintiff's home. On February 24, 2014, Branch Banking & Trust and McCalla Raymer, LLC (collectively, "Defendants") moved to dismiss the complaint filed by pro se Plaintiff Tamika Webb for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 8]. On that same day, Defendants also filed a motion to exceed the page limitations in their motion to dismiss. [Doc. 7].

On March 3, 2014, Plaintiff filed a motion for leave to amend

AO 72A
(Rev.8/82)

her complaint under Rule 15(a)(2), attaching to her motion a proposed amended complaint. [Doc. 11]. But Plaintiff does not need leave of Court to file her amended complaint because she sought to amend within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Plaintiff's motion for leave to amend, [Doc. 11], is **GRANTED**. Plaintiff's first amended complaint, [Doc. 11 at 5-46], is hereby deemed filed as of the date of this order. The Clerk is **DIRECTED** to enter Plaintiff's first amended complaint, [Doc. 11 at 5-46], as a separate entry on the docket in the instant case.

The filing of Plaintiff's amended complaint renders moot Defendants' motion to dismiss. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss, [Doc. 8], be **DENIED AS MOOT**.

Defendants' motion to exceed the page limitations, [Doc. 7], is **DENIED AS MOOT**.

**SO ORDERED AND RECOMMENDED**, this 7th day of March, 2014.

s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)